## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Louis Motley, Tiviea Moore, Greg Brooks,
Debra Lathan, and Gary Ritzenthaler,
individually, and on behalf of all others
similarly situated,

         Plaintiffs,

                Civ. No. 08-339 (RHK/AJB)
                **ORDER**

v.

Homecomings Financial, LLC f/k/a
Homecomings Financial Network, Inc.,

         Defendant.

---

  This matter is before the Court on the September 16, 2008 letter request (attached) of Defendant Homecomings Financial, LLC ("Homecomings") to file a Motion for Reconsideration of this Court's May 30, 2008 Order granting in part and denying in part its Motion to Dismiss. For the reasons set forth below, Homecomings' request will be denied.

  The plaintiffs in this putative class action are mortgagors whose mortgages were (or are) serviced by Homecomings. Plaintiffs allege that Homecomings has imposed improper fees, costs, and charges on their mortgage accounts and, as a result, that it has violated several federal statutes, including the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Homecomings moved to dismiss Plaintiffs' claims, arguing *inter alia* that Plaintiffs lacked standing to pursue their TILA claim because they had not suffered any actual damages. Plaintiffs, in response, contended that this argument failed because they

had also requested *statutory* damages under TILA.  In its Reply, Homecomings argued that statutory damages were unavailable for the violations alleged in the Complaint.  The Court ultimately rejected Homecomings' argument based on its reading of 15 U.S.C. § 1640(a) and held that Plaintiffs could recover statutory damages if they were able to prove a TILA violation.

 Pursuant to District of Minnesota Local Rule 7.1(g), Homecomings now requests leave to file a Motion for Reconsideration of the Court's May 30, 2008 Order, insofar as it declined to dismiss the TILA claim.  Motions for reconsideration are to be granted "only upon a showing of compelling circumstances," D. Minn. L.R. 7.1(g) – namely, to correct "manifest errors of law or fact or to present newly discovered evidence."  Mumid v. Abraham Lincoln High Sch., Civ. No. 05-2176, 2008 WL 2938159, at *3 (D. Minn. July 22, 2008) (Schiltz, J.).  Homecomings argues that a recent decision from the Ninth Circuit Court of Appeals, McDonald v. Checks-N-Advance, Inc. (In re Ferrell), __ F.3d __, 2008 WL 3876602 (9th Cir. Aug. 22, 2008), suggests that this Court misconstrued TILA's statutory-damages section.  In essence, Homecomings seeks to relitigate the statutory-damages issue, which is inappropriate in a motion to reconsider.  E.g., Arends v. Extendicare Homes, Inc., Civ. No. 07-995, 2008 WL 1924172, at *1 (D. Minn. Apr. 28, 2008) (Doty, J.).  Moreover, McDonald relied on Baker v. Sunny Chevrolet, Inc., 349 F.3d 862 (6th Cir. 2003), a case that was available to Homecomings when it filed its Reply, but which Homecomings did not cite.  The Court will not permit Homecomings to

use a motion for reconsideration as a vehicle to cite legal authority which it could have, and should have, cited to this Court before it ruled on the Motion to Dismiss.[1]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Homecomings' letter request for leave to file a Motion for Reconsideration is **DENIED**.

Date:  September 17, 2008

                                                          s/Richard H. Kyle
                                                          RICHARD H. KYLE
                                                          United States District Judge

---

[1] The Court also notes that Homecomings' request is untimely. A motion for reconsideration under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999). Such motions must be filed within 10 days after entry of the challenged order (or, in the case of a judgment, within 10 days of the entry of judgment). Fed. R. Civ. P. 59(e). Here, Homecomings did not file its request for more than two months after the Court denied its Motion to Dismiss vis-à-vis the TILA claim.